UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BUXBAUM,<br><br>                    Plaintiff,<br><br>           -v.-<br><br>PAMELA JO BONDI,<br><br>                    Defendant. | 25 Civ. 3052 (KPF)<br><br>**ORDER OF DISMISSAL** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Michael Buxbaum, who is appearing *pro se*, brings this action against Defendant Pamela Jo Bondi, alleging that he "was unlawfully injected with a virus from a United States Federal Agent upon the order of Defendant … on approximately March 20, 2025." (Dkt. #1 at 6). Plaintiff has not requested to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, and indeed has paid the filing fee in this case. (*See* May 1, 2025 Docket Entry). The Court dismisses the complaint for the reasons set forth below.

## DISCUSSION

### I.    Plaintiff's Claims Are Frivolous

The Court must dismiss an IFP complaint, or any portion of such a complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). As relevant here, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald* v. *First E. Seventh St. Tenants Corp.*, 221 F.3d

362, 364 (2d Cir. 2000). In either instance, Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *Triestman*, 470 F.3d at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton* v. *Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' — that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop* v. *Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke* v. *Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston,* 141 F.3d at 437("[A]n action is 'frivolous' when either: [i] the factual contentions are clearly baseless … or [ii] the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation

omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that he "was unlawfully injected with a virus from a United States Federal Agent upon the order of Defendant ... on approximately March 20, 2025." (Dkt. #1 at 6). He further believes that individuals Adam Daniel Sommer and Cari Joy Sommer "are funding a socialist spend to pay Defendant ... to pay law enforcement, social workers, and media broadcasting to follow [him] against [his] wishes and ... activate [his] Federally injected virus." (*Id.*). He claims that, because of the unlawful injection, he has "been prevented from working in the free global cryptocurrency capital markets." (*Id.*).

However, a "[p]laintiff's beliefs — however strongly he may hold them — are not facts." *Morren* v. *New York Univ.*, No. 20 Civ. 10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that he was injected with a virus, followed by law enforcement and others at the behest of Defendant Bondi, and excluded from cryptocurrency capital markets as a result. *See Lefkowitz* v. *John Wiley & Sons, Inc.*, No. 13 Civ. 6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief). Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft* v. *City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that

"the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

## II.   Leave to Amend Is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill* v. *Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42. Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman* v. *Mitsubishi Chem. Holdings Am., Inc.*, No. 18 Civ. 8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

4

SO ORDERED.

Dated: May 5, 2025
        New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge